[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose birth name was Tomey, was married to the defendant in Southport, Connecticut, on May 2, 1986.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife. The children are issue of the marriage, to wit: Candace Leigh, born June 21, 1987; and Joseph Tomey, born May 6, 1990.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution is entered.
This is the second marriage for the plaintiff and the first marriage for the defendant. She is thirty-seven (37) years old and he is forty (40) years old. Both are in good health. She has completed two years of undergraduate studies and he has a college degree in marketing.
Both of the parties are in good health.
The husband is seeking joint legal custody with the children spending approximately equal time with each parent. On the basis of this request, the husband requests that the court make no CT Page 8137 order relative to child support.
The wife asks the court for sole custody and physical custody of the children. She agrees that the children love their father and that he should be given visitation which includes alternating overnight weekends. She urges the court not to consider joint custody because of the aberrant behavior of the defendant which was illustrated to the court in the tapes submitted as exhibits. The court need not recite the language used by the husband to his wife during these telephone messages. Suffice to say that his language indicates that he lacks the ability to communicate in a civilized manner with his wife.
Family Services recommends joint custody. Counsel for the minor children, in a lengthy and well written memorandum to the court, urges the court to order sole legal custody rest with the mother. This court agrees. The evidence suggests to the court that there is still a great deal of hostility between the husband and wife and it would not serve the best interests of the children to order joint custody. However, let there be no misunderstanding. The court feels that the father is an extremely adequate parent who loves his children. Joint custody, however, requires more than love of the children. It requires the ability of the parties to communicate so that the best interests of the children may be served.
The husband is presently unemployed. He has, however, the proven ability to earn in excess of $50,000 per year. His last full-time employment was ended in November 1993. His financial affidavit shows a present weekly net income of $332.06. The court accepts this as his income and will retroactively amend the court ordered child support to $135 as of December 3, 1993. There is an arrearage of fifteen (15) weeks which was stipulated to by the parties. There are nineteen weeks of retroactivity dating back to December 3, 1993. The husband has paid four weeks at $291. The amount which he should have paid during the nineteen (19) week period was $2,565, creating an arrearage of $1,401.
The court further finds that the wife has failed to maintain certain expenses in accordance with the court order of August 14, 1992. The amount which the husband has paid on behalf of the wife is $1,104. Applying this latter amount to the husband's arrearage, the court finds the sum of $297 due the wife. The husband shall pay this sum to the wife within ten (10) days of the date of this memorandum. CT Page 8138
The husband is presently unemployed, however, as of November 1993, he was earning approximately $28,000 annually. In 1989, he made approximately $55,000.
In 1993, the plaintiff earned approximately $30,000 from her real estate business. She presently reports negative net earnings for 1994. Since January, 1994, she reports withdrawing $6,800 from the "children's accounts." In all, she has withdrawn over $25,000 from these accounts.
Most of the assets of the marriage have come from the defendant's family by way of gifts or inheritance. The parties have stipulated that the house has a fair market value of $340,000. The parties further stipulate that the defendant's mother is owed $51,000 which will be paid to her when the premises are sold.
From the evidence presented, the court cannot attribute greater fault for the breakdown to one party. Both are equally to blame. The court is very concerned about the testimony of the wife as to the relationship with Robert Stanco. The telephone bills belie her testimony as to when the relationship began and number of calls which were made prior to the separation. The court can only conclude that, indeed, this relationship did have an adverse effect on her marriage.
Similarly, the court is concerned about the husband's testimony as to how he was able to obtain access to plaintiff's Exhibit 3. This lack of candor on the part of both parties has cost significant apprehension as to the truth of other testimony.
Having considered all of the testimony and the mandate of Connecticut General Statutes, Secs. 46b-81, 46b-82 and 46b-84, the court further finds and orders as follows:
1. Custody of the minor children is vested in the mother. Father shall have rights of visitation as proposed by Family Relations in Exhibit H, except that the summer visitation shall be for four weeks, provided that said visitation shall not exceed two consecutive weeks. A copy of the Family Relations recommendations is attached to this memorandum and is incorporated as an order of this court with the above change.
2. Parenting classes are ordered for both parents. CT Page 8139
3. Child support in the amount of $135 is ordered. Said amount is substantially in compliance with the Support Guidelines.
4. The husband shall continue to maintain medical and dental insurance for the benefit of the minor children. All unreimbursed medical and dental expenses shall be divided equally between the parties. These orders are entered in accordance with Connecticut General Statutes, Sec. 46b-84c.
5. The husband shall pay to the wife as periodic alimony the sum of $175 per week until the happening of the first of the following events: (a) three years from the date of the memorandum; (b) the death of either party; (c) the wife's remarriage or cohabitation. In no event shall alimony be modifiable as to term.
6. The wife shall quitclaim to the husband all of her right, title and interest in the real estate located at 170 Brushy Hill Road, Newtown, Connecticut. The husband shall pay her the sum of $50,000 upon delivery of said deed. He shall further execute and deliver to the wife a mortgage deed and note in the amount of $40,000 which shall be paid to her upon the happening of the first of the following events: (a) sale of the premises; (b) eighteen (18) months from the date of this memorandum.
7. Notwithstanding the above, the wife shall have exclusive occupancy of the marital premises until June 15, 1995. She shall be responsible for the payment of all utilities and one-half of the real estate taxes and homeowners insurance. She shall do no physical damage to the premises during her occupancy.
8. The husband shall be solely responsible for the payment of the debt owed to his mother in the amount of approximately $51,000 and he shall hold the wife harmless.
9. The husband shall pay the children's attorney's fee within ninety (90) days and shall pay to the wife the sum of $2,000 within ninety (90) days as an allowance to prosecute.
10. Any fees owed Doctor Alexander and Doctor Pogge shall be divided equally.
11. Any past due real estate taxes, Connecticut income taxes CT Page 8140 or federal taxes owed by the parties as a result of joint filings shall be paid by the husband.
12. Except as otherwise provided, each of the parties shall pay their own liabilities.
13. The wife shall be entitled to claim the youngest child as a tax exemption; the husband the older child. The wife shall execute and deliver any and all documents necessary to effect this purpose.
14. Each of the parties shall retain and own the personal property presently in his or her possession. The defendant's counsel requested the court to permit the defendant to retain those items on a "Schedule A." A review of the file indicates that such a schedule was never provided and so the court presumes that this claim has been abandoned.
15. The paternal grandmother shall be permitted one overnight visitation per month with the minor children. This visitation is not a part of, but rather, in addition to the father's visitation. Such visitation shall be discussed and, hopefully, arranged with the children's mother. If the parties cannot reach such an agreement, then this court will issue an appropriate order.
Mihalakos, J.